UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CIVIL ACTION NO. 1:18cv880 (WOB)

CAITLIN DEANE                                          PLAINTIFF

VS.                              ORDER

QUEST DIAGNOSTICS INC.,
ET AL.                                                DEFENDANTS


This matter is before the Court on defendant's motion to dismiss Counts II and III of plaintiffs' amended complaint. (Doc. 15). The Court concludes that oral argument is unnecessary.

Counts II and III of plaintiffs' amended complaint allege claims for loss of consortium by the parents of plaintiff Caitlin Deane. (Doc. 14 at 5). Defendant moves to dismiss these claims on the basis that they are not authorized under Ohio law because Caitlin Deane was not a minor at the time the claims arose.

In diversity cases, a federal court must apply state law "in accordance with the then controlling decision of the highest state court." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 517 (6th Cir. 2001) (internal quotations and citations omitted). "If the forum state's highest court has not addressed the issue, the federal court must ascertain from all available data, including

the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue." *Id.*

"Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.*

Here, the Ohio Supreme Court has not ruled whether loss of consortium claims may be maintained by parents for their adult children. However, the Court of Appeals of Ohio for the First District, the appellate division encompassing the Court from which this case was removed, has addressed that very issue.

In *Cole v. Broomsticks, Inc.*, 669 N.E.2d 253 (Ohio Ct. App. 1995), the Court held that "Ohio recognizes a cause of action only for the loss of a minor child's filial consortium and services." *Id.* at 256. *See id.* ("This cause of action has not been extended by Ohio courts to the parents of adult children."). That Court reaffirmed that ruling in 2007. *See Watts v. Forest Ridge Apartments and Town Homes*, No. C-060079, 2007 WL 777746, at *3 (Ohio Ct. App. Mar. 16, 2007).

While the parties discuss various Ohio appellate decisions which reach different outcomes on this issue, the Court concludes that it should follow the authority that would be binding on the parties had the case not been removed to federal court, due to the

long-standing principle that diversity jurisdiction should not create room for forum shopping. *See Hanna v. Plumer*, 380 U.S. 460, 468 (1965). Thus, the Court considers *Cole* dispositive on the issue before the Court.

This conclusion is buttressed by two additional factors. First, the Supreme Court of Ohio did not allow a discretionary appeal from the First District's ruling in *Cole*, 663 N.E.2d 1301, and it denied a motion to reconsider that decision, 665 N.E.2d 682. *See West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940) (binding effect of state appellate decision on federal court making an *Erie* "guess" is greater where state's highest court has refused to review that decision).

Second, federal courts sitting in diversity "generally choose the narrower interpretation which restricts liability, rather than the more expansive interpretation which creates substantially more liability." *Home Valu, Inc. v. Pep Boys*, 213 F.3d 960, 963 (7th Cir. 2000) (citation omitted).

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that defendant's motion to dismiss Counts II and III of plaintiffs' amended complaint (Doc. 15) be, and is hereby, **GRANTED**.

This 21st day of June 2019.



Signed By:
*William O. Bertelsman* WOB
United States District Judge